## CONART MOTOR SALES, INC v KIRCHNER

Ohio Appeals, 9th Dist, Summit Co

No 2231. Decided April 25, 1933

Musser, Kimber & Huffman, Akron, for plaintiff in error.

James A. Dean, Akron, and Charles E. Smoyer, Akron, for defendant in error.

STEVENS, J.

Sec 3714 GC provides as follows:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

"The maintenance of a fence or other obstruction in a highway is a nuisance."
Sullivan v Columbus, 12 D. 650, 654.

Sec 13421 GC makes it unlawful to obstruct a street or alley:

"Whoever obstructs or incumbers, by fences, buildings, structures or otherwise, a public ground, highway, street or alley of a municipal corporation, shall be fined not more than five hundred dollars."

The undisputed evidence in the instant case demonstrates that plaintiff, at the time of her alleged injury, was violating §13421 GC by assisting in the maintenance of a nuisance in a public alley, and further by placing her person in said alley so as to preclude the passage of defendant's trucks along said alley.

"The dominant purpose for which streets in a municipality are dedicated and opened, is to facilitate public travel and transportation."
**Railway Co. v Telegraph Assn., 48 Oh St 390.**

It has been argued that plaintiff had a right to be where she was, and had she been at said time in the lawful use of said street, for the purpose of "travel and transportation," that would have been true. It appearing, however, that her purpose was not "travel and transportation," but to obstruct the same, her presence upon said street for that purpose was unlawful.

The purpose of the passage of §13421 GC was no doubt to aid in keeping the streets, alleys and highways of municipalities open, in repair, and free from nuisance, and to provide a punishment for any one who deliberately and without right or justification obstructed the same. We accordingly hold that §13421 GC is a statute passed for the protection of the public.

"The violation of a statute passed for the protection of the public is negligence per se."

**Schell v DuBois, Adm'r., 94 Oh St 93.**

Plaintiff, by her undisputed testimony, having clearly demonstrated that she was at the time of her injury engaged in the violation of a statute passed for the protection of the public, was guilty of negligence per se.

The only question, then, remaining, was whether or not that negligence proximately contributed to her injuries.

In the absence of plaintiff's negligence, plaintiff would not and could not have been injured, and it may be safely said and is clearly demonstrated by the record that plaintiff's own negligence did directly and proximately contribute to her injuries.

Plaintiff having been guilty of negligence per se which proximately contributed to her own injuries, and which bars a recovery by her, it follows that the trial court should have directed a verdict for the defendant at the conclusion of plaintiff's evidence.

Having arrived at this conclusion with reference to the first assignment of error, it becomes unnecessary to consider the other errors claimed by defendant to have intervened in the trial below.

The judgment as entered by the court below is reversed; and there being no conflict in the evidence as to plaintiff's conduct, this court proceeds now to render the judgment which the trial court should have rendered—namely, final judgment in favor of Conart Motor Sales, Inc.

Exceptions may be noted.

FUNK, J, concurs.
WASHBURN, PJ, not participating.